UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOYLE KEITH HEGWOOD,

           Petitioner,

v.

EARNELL LUCAS,

           Respondent.

Case No. 21-CV-620-JPS

**ORDER**

      On May 18, 2020, Petitioner Doyle Keith Hegwood ("Hegwood") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket #1). Hegwood also filed a motion for leave to proceed without prepayment of the filing fee. (Docket #2). For the reasons explained herein, the Court will deny Hegwood's petition and dismiss his case.

1.     **BACKGROUND**

      In December 1989, a criminal complaint was filed in the Milwaukee County Circuit Court against Hegwood. *State of Wisconsin vs. Doyle K. Hegwood*, 1989CF894011 (Milwaukee Cnty Cir. Ct.) *available at* https://wcca.wicourts.gov/caseDetail.html?caseNo=1989CF894011&countyNo=40&index=0&mode=details (last visited Aug. 3, 2021); (Docket #1-2 at 1–2). Hegwood was charged with one count of second degree sexual assault. *Hegwood*, 1989CF894011; (Docket #1-2 at 1–2). At the time the complaint was entered and a warrant was issued, Hegwood was serving a prison sentence in Missouri. *Hegwood*, 1989CF894011. Upon completion of that sentence, Hegwood was transported to Wisconsin. *Id.*

      During the pendency of his state proceedings, while in the Milwaukee County Jail, Hegwood filed the present petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241. (Docket #1). In his petition, Hegwood raises three grounds for relief: (1) violation of due process (Hegwood argues that the statute of limitations for his criminal charge has passed); (2) lack of subject matter jurisdiction; and (3) unlawful imprisonment. (*Id.* at 10–11).

On June 21, 2021, Hegwood moved the state court to dismiss the charge against him. *Hegwood*, Case No. 1989CF894011. Shortly after, the state informed the court that it could not find its file on Hegwood, it could not locate police reports made against Hegwood, and the victim would not be appearing. *Id.* On July 6, 2021, the court granted Hegwood's motion and dismissed the case against him. *Id.*

## 2. LEGAL STANDARD

Individuals who are held in state custody for any reason other than a conviction may challenge their incarceration under Section 2241. *Jacobs v. McCaughtry*, 251 F.3d 596, 597 (7th Cir. 2001) (noting that a habeas petition may be brought pursuant to Section 2241 by petitioners held for "some other reason, such as pre-conviction custody") (citing *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000)). Section 2241 allows pre-trial detainees to challenge their continued confinement, however, as the Seventh Circuit explains, Section 2241 petitions offer very limited avenues for relief:

> Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). *See also* [*Younger v. Harris*, 401 U.S. 37, 43 (1971)]. Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, **and only after the petitioner has exhausted state-court remedies**.

*Olsson v. Curran*, 328 F. App'x 334, 335 (7th Cir. 2009) (emphasis added); *Tran v. Bartow*, 210 F. App'x 538, 540 (7th Cir. 2006).

Further, petitioners who are no longer being held in pre-conviction custody are no longer subject to potential relief under Section 2241. *See Jackson v. Clements*, 796 F.3d 841, 842 (7th Cir. 2015) ("[The petitioner] was no longer a pre-trial detainee when the district court ruled on the merits of his petition, and, thus, relief under § 2241 was no longer available to him . . . . Once [the petitioner] was convicted, the claims concerning his pretrial confinement became moot.").

**3.     ANALYSIS**

Here, it appears that Hegwood has made no effort to exhaust his state-court remedies. He does not allege that he has attempted to seek relief in the state courts, and the publicly available record is void of such an attempt.

More importantly, Hegwood is no longer a pretrial detainee. The state court dismissed the case against him, and the Milwaukee County Jail does not list him as a current inmate.[1] Hegwood can no longer maintain a petition under Section 2241.

**4.     CONCLUSION**

Based on the above, the Court will deny Hegwood's petition as moot and dismiss his case without prejudice. The Court will also deny as moot his motion to proceed without prepayment of the filing fee (both because the Court is dismissing the case and because it appears Hegwood paid the filing fee).

---

[1] *Welcome to the Milwaukee County Inmate Search*, Milwaukee Cnty. Off. Sheriff, http://www.inmatesearch.mkesheriff.org/ (last visited Aug. 3, 2021).

Finally, Rule 1(b) of the Rules Governing 2254 Cases provides that a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)" i.e., Section 2254 petitions. Therefore, the Court will apply these rules to this Section 2241 case to determine whether to issue a certificate of appealability. Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), a petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether this Court's procedural ruling was correct. As a consequence, the Court is compelled to deny a certificate of appealability as to Hegwood's petition.

Accordingly,

**IT IS ORDERED** that Petitioner Doyle Keith Hegwood's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Docket #1) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner Doyle Keith Hegwood's motion for leave to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 4th day of August, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge